UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES EDWARD FRALEIGH

    Plaintiff,

v.                                    Case No. 6:17-cv-173-Orl-37-GJK

STATE OF FLORIDA, et al.,

    Defendants.
_____

## ORDER

This matter is before the Court, pursuant to 28 U.S.C. § 1915A(a), for purposes of determining whether the complaint contains any cognizable claims or should be dismissed. For the reasons set forth below, the complaint should be dismissed without prejudice.

Plaintiff James Edward Fraleigh ("Fraleigh) purported to file a civil rights action against Judge Marlene Alva, a judge on the Circuit Court for the Eighteenth Judicial Circuit; the Seminole County Sheriff's Department; and the Seminole County Clerk's Office. (Doc. 1 at 2). The complaint alleges Judge Alva precluded one of his witnesses from testifying at his criminal trial (Doc. 1 at 6); the Sheriff's Department prevented the witness from entering the courtroom (Doc. 1 at 2, marginalia); and the County Clerk interfered with his attempt to subpoena other witnesses whom he wished to call at trial. (Doc. 1 at 2, marginalia). The complaint alleges these actions violated his Fourteenth Amendment right to due process and seeks "a new trial where I can compel witnesses to

trial as I should have been afforded in the first place." (Doc. 1 at 6).

As a threshold matter, a civil rights action is not a proper vehicle for challenging the fact of conviction. *Smith v. Southwood*, 226 F. App'x 882, 883 (11th Cir. 2007) ("Smith was challenging the fact of his conviction as illustrated by his express request for a new criminal trial."). Such a challenge "must be raised in a § 2254 habeas petition, not a § 1983 civil rights action." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). A court confronted with a § 1983 action challenging the fact of conviction "must treat the inmate's claim as raised under § 2254, and it must apply the ADEPA's attendant procedural and exhaustion requirements to the claim." *Id.*[1]

As a request for habeas relief, Fraleigh's claim would still fail. AEDPA provides that a person seeking habeas relief must exhaust all available state remedies before challenging the constitutionality of a conviction in federal court. 28 U.S.C. § 2254(b)(1). This requirement ensures that the state will have an opportunity to consider (and, if necessary, remedy) an alleged violation of a state prisoner's federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971). To exhaust a claim, "the petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

Fraleigh does not appear to have raised his due process claim in state court and therefore failed to exhaust his state remedies as required by ADEPA. He answered "no"

---

[1] *See also Wells v. Attorney General*, 470 F. App'x 754, 756 (11th Cir. 2012) (district court properly dismissed § 1983 action because it challenged validity of conviction and was therefore not a proper § 1983 action and because it constituted a second or successive petition for habeas corpus).

to the following questions on the standard form civil rights complaint: "Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action?" and "Have you initiated other actions . . . in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) . . . ." These answers imply Fraleigh did not advance his due process claim in state court and, consistent with the exhaustion requirement imposed by AEDPA, is precluded from doing so in this Court.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** without prejudice.

2. Petitioner's motion to proceed in forma pauperis (Doc. 2) is **DENIED** as moot.

3. Petitioner's motion for legal assistance and/or injunction (Doc. 6) is **DENIED** as moot.

4. Petitioner's motion for miscellaneous relief (Doc. 7) is **DENIED** as moot.

5   The Clerk of the Court is directed to enter judgment and close the case.

**DONE and ORDERED** in Orlando, Florida on April 6th, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-5 4/6

-4-

James Edward Fraleigh